PC SCAN

RECEIVED GW
12/29/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MONTEZ ARTIS
B84281

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**20CV7770**

JUDGE LEE
MAGISTRATE JUDGE HARJANI
PC8

vs.

KAREN BABIDEAU
WILLIAM BROWN
TERRELL PORK

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. **Do not**
use "et al.")

Case No: _____
(To be supplied by the <u>Clerk of this Court</u>)

**CHECK ONE ONLY:**

   _X_        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

   _____        **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

   _____        **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

A.  Name: _Montez Artis_

B.  List all aliases: _____

C.  Prisoner identification number: _884281_

D.  Place of present confinement: _Stateville Cor Cntr_

E.  Address: _16830 S. Broadway Joliet, IL 60434_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.  Defendant: _Karen Rabideau (Retired)_

Title: _Placement Officer_

Place of Employment: _Stateville CC_

B.  Defendant: _William Brown (Retired)_

Title: _Lieutenant, Lt._

Place of Employment: _Stateville CC_

C.  Defendant: _Terrell Park_

Title: _Sgt._

Place of Employment: _Stateville CC_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _Next page._

B. Approximate date of filing lawsuit: _Next pages_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _N/A_

D. List all defendants: _Next pages_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Next pages_

F. Name of judge to whom case was assigned: _John Z. Lee; ot Wkll; Katz; Braud; Perrin Chris, and Decmocopaulo_

G. Basic claim made: _Deliberate indifference, violation of 6th, 8th and 14th US Constitution, violation of Il FOIA, willfully willhold public records_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _C.P.D; I.P.; Village of Brooklyn CC SAO; St.C CSAO; dismissed want to order, when others pending 3 cases settled Artis v Pfister_

I. Approximate date of disposition: _17·CV·4613, Artio J. Tanner 17.CV·06905,; Artio V Pfister_
_17·CV·8574_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

FEDERAL 1983

A. Artis v. Pfister et al, 17 cv. 4616

Artis v. Tanner et.al, 17.cv.06905

Artis v. Pfister et.al, 17.cv.8574

Artis v. Bedwell et al, 18.cv.2568

Artis v. O'Brien et al, 18.cv.647

Artis v. Wexford Health Source et al 18.cv.04476

Artis v. Wexford et al 19.cv.05959

Artis v. Nicholson et.al, 20.cv.2673

B. Federal Hab Corpus

Artis v. Hardy; 12.604.DRH

STATE: Freedom of Information Act Complaints

Artis v. E. St Louis PD 16.MR.247

Artis v. St. Clair States Attorneys 17.MR.352

Artis v. Brooklyn (17.CH09064 mistaken #) 17 MR.269

Artis v. Chicago P.D 17-CH09064 and 20.CH

Artis v. IDOC 17.MR.1001 and 2020.MR.100090

Artis v. I.S.P 18.MR.263

Artis v. Cook County States Attorney 17.CH.12877

Artis v. I.P.R.A. Never processed

Artis v. Chicago Heights PD. Never processed

Artis v. C.P.D 20CH2268

DATE FILED

B. 06·30·16; 06·20·17; 06·29·17; 06·29·17; 06·29·17;
06·29·17; 08·17·17; 08·17·17; 09·25·17; 10·20·17;
01·29·18; 03·16·18; 04·04·18; 11·27·17; 10·20·18;
12·3·19; 02·25·**2020**; & 02·10·**2020**; 9·25·20, 4·6·20

LIST All DEFENDANTS:

D. Pfister, Bell, Williams, Harris, Johnson, Hardy,
Tanner, Portwood, Brown, Pork, William, Lemke,
Obaizi, Bedwell, Luce, Wexford, I.S.P,
Garcia, Lihalim Obaizi, C.P.D, I.P.R.A,
E.S.T. Louis P.O, Chicago Heights, Cook County
State's Attorney, Village of Crooklyn, I.D.O.C.

Court which lawsuit was filed:

E. (8) IN Northern District Federal Court,
(6) IN Cook County, (3) IN Sangamon County,
(3) IN St. Clair County.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1.) Defendants, are being sued in their official and personal capacity while acting under the color of state law violated Mr. Artie' 8th and 14th amendment rights to the U.S. Constitution by failing to protect him from a dangerous environment, physical-bodily harm and emotional and mental anguish. And Defendants acted with deliberate indifference.

2.) In 2017 Mr. Artie was housed at Stateville Correctional Center in Joliet, IL, Charlie-Unit aka C-house cell 8-36

3.) Stateville Prison is in disrepair and in a deplorable state. There's a class action pending against Stateville for being unsafe and unsanitary.

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.) The groundhogs have taken the outside grounds of Stateville hostage along with all the skunks, cats, foxes, and oppossums. There's 4 and 5 foot large groundhog holes everywhere. With feces left by these animals.

5.) The inside of Stateville is infested with roaches, spiders, mice, ants, birds (sparrows) and black mold.

6.) The birds (sparrows) dominate the feeding and eating area of the dining room with bird feces splattered everywhere, plus, with all the noise they make in cell houses where the inmates sleep.

7.) Inmates have been bitten by groundhogs rats, spiders, ants, and roaches.

8.) Black mold graffittias the showers and cell houses. There was mold reported inside the Warden's office and Health Care Unit in which some inmates refer to it as the Death Care Unit.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

9) Stateville Needs a Wrecking Ball!

10.) In 2017 of January Mr. Artis was housed on C-house, where his cell was infested with cockroaches, of which one crawled inside his right ear, after Mr. Artis exhausted his grievance to the ARB he was finally moved to cell 857.

11.) Mr. Artis made M.see Rabideau aware of the roach infestation and refused to move Mr. Artis until the A.R.B forced her hand

12. In the summer of 2017 mold began to grow inside cell 8-57 and Mr. Artis placed in a work order to have a maintenance man access the mold, call a environmental Liason and remove the mold, instead of removing the mold M.see Rabideau moved Mr. Artis to X-Unit inside a dilapidated cell Lower Center 18.

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13.) Lower center 13 was so unsafe and unsanitary, it was uninhabitable. Lead based paint chips hung from the ceiling and walls, broken window that produced frozen air, rusty bed that included with it a soiled mattress, the floor was covered with trash and paint chips and under the trash and paint chip was an infestation of Black ants that would attack Mr. Artis while sleeping.

14.) Mr. Artis did not jump to any conclusions of being retaliated against but in hind-sight that is what it looks like.

15.) Mr. Artis immediately began to complain verbally and with grievances to be moved and was moved too Lower Cente 17 with inmate who was the most aggressive and confrontational inmate in the entire building, no one wanted to live with him, each of his cell mates would beg to move away from him and Miss Rabideau move me inside with him.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

16) MR. Artis was moved into cell 17 in Lower Center X-Unit with inmate Darryle Sutton.

17. Darryle Sutton is a confrontational and problematic inmate that came off of Death Row of which he had a single man cell. Darryle Sutton has Natural Life in prison for several rape murders he was convicted of and Miss Rabideau knew that he was dangerous and problematic because Miss Rabideau, Lt. Brown, and Sgt. Pork had inmates moved from inmate Sutton's cell due too his aggressive behavior. of which MR. Artis witnessed while living in cell 13.

18. Soon after MR. Artis was moved by Miss Rabideau inside Cell 17 with inmate Sutton, inmate Sutton began to complain about everything MR Artis did. For example, when MR. Artis ate, he was eating to loud,

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

his head phone & whire to loud, he moved the bunk to much while sleeping and to much tossing and turning. Mr. Artis sleep hours affected inmate Sutton's work hours, Mr. Artis talked to loud while using the telephone to name just a few, soon after small arguments became big arguments were inmate Sutton would make threats of beating Mr. Artis ass; are fucking him up; to "I'm going too kill you".

19. Mr. Artis asked himself why would Miss Rabideau move him with inmate Sutton when inmate Sutton's last cell-mate eddie and others before eddie begged to be moved because of Sutton's aggressive behavior. Mr. Artis seen and heard inmate Sutton threaten to kill inmate eddie while they were cell mates because eddie was excercising inside the cell. Inmate Eddie begged to be moved as he was placed inside cell 13 and I was move with Sutton.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

20.) MR. Artie wrote placement officer Miss Rabideau on 02-02-18 and 2.20.18 stating that inmate Sutton had threaten to cause MR. Artie physical harm as he had previous cell mates.

21.) MR. Artie fiance at the time (Shantaye-Jethroe called Miss Rabideau in Feb and March alerting Miss Rabideau of the hostile environment MR. Artie lived in and how inmate Sutton had threaten to kill him and that MR. Artie NEEDED TO BE MOVED BEFORE HE WAS ATTACKED OR KILLED.

Miss Rabideau stated that she had made accommodations for MR. Artie in the past (meaning moving and placing him -

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

in deplorable and uninhabitable cell(s). And that she was not going to move Mr. Artis due too threats being made against him.

22.) Every time Miss Rabideau would move Mr. Artis it would increase and compound his hardship and burdens. Miss Rabideau did Mr. Artis no favors!

23) On or around 03-28-18 Mr. Artis spoke with Sgt. Park and Lt. Brown about getting moved to another cell because of inmate Sutton's threats to hurt and kill Mr. Artis.

24.) Sgt. Park stated that "Mr. Artis was a big boy and could take care of himself."

25.) Lt. Brown stated that "Sutton was harmless, and Mr. Artis had nothing to worry about, that those were only idol threats."

5                                                   Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

26.) On 7-13-18 Mr. Artis was viciously and violently attacked by inmate Sutton showing Lt. Brown that inmate Sutton threats were not idol and why Miss Rabideau should have moved Mr. Artis and why Mr. Artis should have never been placed inside inmate Suttons cell to begin with, and why Sgt. Park should have intervened.

27.) Inmate Sutton bit Mr. Artis on his chest and left hand finger and Mr. Artis injuries were left eye reddened for being hit int, injured left shoulder that Mr. Artis was placed in physical therapy for, swollen chest and left hand from bite which Mr. Artis was given a tetenus shot in case of any diseases. Mr. Artis T.V. was broken and Mr. Artis spent 35 days in segreashon for a fight that could have been avoided Mr. Artis had been in prison for 14 years without 1 fight until being placed with-

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Inmate Sutton.

28) Placement Officer Robideau's response to MR. Artis grievance about being viciously and violently attacked by inmate Sutton's for not being moved when being warned by MR. Artis that inmate Sutton threats to due bodily harm to him was that: " Per Placement Counselor R. Robideau Grievant was properly appropriately housed. Offenders do not have the right to dictate where they will be placed/housed." See Grievance · A

29.1 Lt. Brown and Sgt. Park stated that they did not recall grievant incident on date of 3·28·18

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_COUNT I_

SECTION 1983 CLAIM FOR DELIBERATE INDIFFERENCE

TO MR. ARTIS SERIOUS NEED FOR PROTECTION. AGAINST KAREN RABIDEAU.

30.1 Mr. Artis realleges and incorporated by reference Paragraphs 1-29 of this Complaint.

31 Karen Rabideau worked as Placement Officer at Stateville Correctional Center. Mrs. Rabideau places inmates in cell houses and cells and also jobs/assignments.

32 Upon Information and Belief Mrs. Rabideau knew of Inmate Sutton's aggressive and problematic behavior due too the numerous cell mates that complained to her about Inmate Sutton's aggressive and violent behavior and she granted their request to be moved away from inmate Sutton, except when Mr. Artis asked to be moved before being viciously attacked. Mrs. Rabideau knew of the physical threats inmate Sutton made against Mr. Artis and she deliberate elected not to move Mr. Artis or Inmate Sutton.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

33. Miss Rabideau stated in response to Mr. Artis grievance about Miss Rabideau being warned by him and his fiance on several occasion about inmate Luther's threats of violence and too be moved and she Miss Rabideau stated that "grievant was appropriately housed. Offenders do not have a right to dictate where they will be placed/housed, plus, Miss Rabideau stated that she had made accommodations in the past for Mr. Artis and she was not going to move him, although threats were being made against him, allowing Mr. Artis to be violently attacked and harmed.

COUNT II
SECTION 1983 CLAIM FOR DELIBERATE INDIFFERENCE TO MR. ARTIS SERIOUS NEED FOR PROTECT AGAINST LT. BROWN.

34.1 Mr. Artis Realleges and Incorporates by Reference Paragraphs 1-33 of the complaint.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section ]

P.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

35.) L.T. Brown was Lieutenant of X-Unit for several years; and Upon Information and Belief had first hand knowlege of Inmate Sutton's aggressive and problematic behavior. Lt. Brown had been approached by different inmates complaining about problems with inmate Sutton and asking to be moved. Mr. Artis witness inmate Eddie Brown and inmate Sutton's disruptive argument and that inmate Sutton threats to hurt and kill inmate Eddie Brown While L.T. Brown and Sgt. Park being only (10) Ten too (15) fifteen feet away. The next day inmate Eddie Brown was moved into cell 13 and Mr. Artis was moved to cell 17 with Sutton. Plus, Stateville staff have (C.I's) confidental informants that listens and gathers information About the inmates and the going ons inside the cell house. Mr. Artis asked Lt. Brown to be moved and was denied, although, Mr. Artis told Lt. Brown that inmate Sutton

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

threats to harm him, Lt. Brown stated that "Sutton threats were idol, and he was harmless." Lt. Brown turned a blind eye to Mr. Artis request to be moved and allowed him to be viciously attacked and harmed.

## COUNT III

## SECTION 1983 CLAIM FOR DELIBERATE INDIFFERENCE TO MR. ARTIS SERIOUS NEED FOR PROTECTION AGAINST Sgt. PORK.

36.) Mr. Artis Realleges and Incorporates by Reference Paragraphs 1-35 of this Complaint.

31 Sgt. Pork was Seargant of x-unit for several years with Lt. Brown and had first hand knowledge of Inmate Sutton's violent and aggressive behavior toward his cell-mates and on 03-28-18 Mr. Artis told Sgt. Pork to have him moved because inmate Sutton had threaten to hurt

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

him, Sgt. Pork stated that "your a big boy and that you can take care of your self. Sgt. Pork turn a blind eye to Mr. Artie request to be moved due too threats of physical harm and allowed Mr. Artie to be attacked by inmate Dutton.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Award compensatory damages in an Amount to be determined to Mr. Atis for his individual injuries jointly and severally against all Defendants. Award punitive Damages jointly and severally against all Defendants. Order Defendants to pay Court Cost, Attorney fee and relief this Court deems just.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___24___ day of ___Dec___, 20 __20__

_Monty Atis_

(Signature of plaintiff or plaintiffs)

_Monter Atis_

(Print name)

_B84281_

(I.D. Number)

_16830 S. Broadway_

_Joliet, IL 60434_

SCANNED AT STATEVILLE CC and E-mailed
_12-29-20_ by _CK_ _39_ pages
date          initials   No.

IN THE

_US NORTHERN DISTRICT_

_OF ILLINOIS_

_Montez Att P_
_B84281_

**Plaintiff**                               )

v.                                          )        Case No._____

_Karen Robideau_                            )

                                            )

**Defendant**

## PROOF/CERTIFICATE OF SERVICE

TO: _Thomas D. Britton_          TO: _____

_219 S Dear Born_                 _____

_Everett Mckinley Dirksen_        _____

_Chicago, IL 60604_               _____

                                  _____

TO: _____            TO: _____

_____                _____

_____                _____

_____                _____

PLEASE TAKE NOTICE that on _DEC 24_, 20_20_, I have placed the documents listed below in the institutional mail at _Statville_ Correctional Center, properly addressed to the parties listed above for mailing though the United States Postal Service:_____

_1 Complaint 1983_

Pursuant to 28 USC 1746, 18 USC 1621 or 735ilcs 5/1-109, I declare, under the penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: _12·24·20_          /s/ _Montez Att_

                          NAME _Montez Att P_

                          IDOC# _B84281_

EXHIBITS

*Exhibit A*

To Counselor

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**OFFENDER'S GRIEVANCE**

DW7

| Date: 04·18·18 | Offender: (Please Print) Monten Artis | ID#: B84281 |
|---|---|---|

| Present Facility: Stateville C C | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA   *Failure to*
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): *protect*

☐ Disciplinary Report: ___/___/___
      Date of Report                 Facility where issued

**RECEIVED STATEVILLE C.C.**

**PRESERVED STATEVILLE C.C.**

APR 24 2018

GRIEVANCE DEPARTMENT

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 04·13·18, I was viciously attacked by my cellmate Darryl Sutton #B19389. I was bitten twice and suffered other injuries as well. I've been tested for AIDS, H.I.V Hepatitis and every other contagious disease. I was given antibiotics (Sulfamethoxazole TMP·DS·800·160 MG and Ibuprofen 400 MG) and sent out for X-rays due to the fever bit on my left hand ring finger. Prior to this violent attack on my left, I wrote Miss Rabideau (Placement Office) 4 times pleading with her to move me to another cell away

Relief Requested: No violent cell mates with history of fighting and not getting along with cellmates, $50,000 for punitive damages & deliberate indifference, No Retaliation from staff, No transfers due to grievance

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| *(signature)* Monty Artis | B84281 | 04 , 18 , 18 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 5 / 11 / 18    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per Placement Counselor K. Rabideau Grievant was appropriately housed. Offenders do not have the right to dictate where they will be placed/housed. This c/o contacted LT. Braun & Sgt Polk and both LT & Sgt did not recall grievant incident on date of 3·28·18. Unable to approve any monetary reward at this level.

| L Harksmth | *(signature)* Harks c/o II | 5/11/18 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 4/30/18    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____      4/30/18
Chief Administrative Officer's Signature        Date

Distribution: Master File; Offender           Page 1           DOC 0046 (8/2012)

Printed on Recycled Paper

IDOC 000004

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

from my cellmate. because he (Sutton) had threatened to hurt me. physically and mentally several times. Date's of which I informed Miss Rabideau of threats made against me ( 02.02.18; 02, 20,18) and two other date's of which I don't have my note pad. I was in fear of my personal safty and believed I would be physically harmed due to the fact that inmate ████████████ had not gotten alone with past cellmates id I have before I entered the cell and had bitten one or two cell-mates in the past when fighting them.

I had my fiance call Miss Rabideau several times between 02.03.18 to 03.01.18 asking for me to be move because my cellmate had threatend to hurt me and he had a history of fighting and bitting his cellmates

Between 02.02.18 and 02.26 18 Inmate Green wrote Miss Rabideau asking her to move me into his cell but to no avail.

I then proceeded to speak to Sgt Terrell Pork and Lt William Brown about getting the move to another cell location because my celly Sutton had threaten to hurt me, kick my ASS. I spoke with Pork & Brown on 03.28.18

Sgt. Pork told me I was a bgboy and I could take care of my self.

Lt. Brown told me Sutton was harmless and I had nothing to worry about, these were just idel threats.

Artis v. ~~Bedwell~~ 18-cv-~~████~~

~~3 0 2018~~

ARTIS, MONTEZ

XUW007

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**X-Ray Requisition**

_STA_

Facility

Mailing Address: _____

Phone Number: _____ Ext.: _____
Fax Number: _____

Patient Name: _ARTIT   MONTT_ Date of Birth: _8-27-7,-_
Offender Number: _13 5428/_  ☑ Male  ☐ Female
Examination(s) Requested: _____
_X-RAY L/ FINGER._

Request Date: _4-17-18_ Date of Exam: _4-174_ APR 2 0 2018
History/Symptoms: _____
_BITE /L/ U4+ FING_

Report: No fx, foreign body or other pathology.

J. Peepers
22 apm 2018

Referring Physician:

_Dor Aville_
Print Physician Name

_____
Physician Signature

Technologist:

_A.O'Toole_
Print Technologist Name

_A.O'Toole RT(R)_
Technologist Signature

4-27-1

Distribution:  X-Ray Tech          Printed on Recycled Paper          DOC 0392 (Eff. 01/2013)

Artis Medical Records_000307

Artis v. ~~Boswell~~ 18-cv-~~2488~~

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

STATEVILLE _____ Center

| Offender Information: |
|---|
| Artis _____ _____ ID#: B84281 |
| Last Name      First Name      MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/14/18 @ 0900 | RNSC Note<br><br>I/M states was in a fight in April and hurt (L) shoulder; states feels like he is being hit in his shoulder; states when shoulder is in external rotation, pain is relieved; Full AROM s̄ difficulty, no deformity, no clicks or pops; (B) hand strength +5; still lifts weights and exercises normally; I/M → F/u @ scheduled appt | P - MD appt. 7-19-18 |
| 7/19/18 253p | RN NOTE<br><br>Pt rescheduled for MDSC 7/24/18 due to time constraints. | |

Artis v. _____ 18-cv____

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Stateville Correctional Center                    8/27/75

| Offender Information: |
| --- |

Artis                    Montez                    ID#: B84281
Last Name                First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
| --- | --- | --- |
| | ### Radiology Note | |
| Date / Time 8/2/18 12:40am/pm | X-ray completed today as ordered by physician. Inmate presented to the department | Will send final report once available for physician review. |
| | C/o Ⓛ shoulder pain | |
| | since an altercation | |
| | 4/2018. Sts it was | |
| | dislocated at that | |
| | time. | |
| | | a. OToole RT(R) 8/2/18 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Artis Medical Records_000067

AUG 0 ~ ~~~  Artis v. ~~~~~~ 18-cv-~~~~

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## X-Ray Requisition

STATEVILLE
_____Facility_____

Mailing Address: _____

_____

_____

D-55l.

Phone Number: _____ Ext.: _____

Fax Number: _____

Patient Name: ARTIS, MONTEZ Date of Birth: 8-27-75.

Offender Number: B84281   ☐ Male  ☐ Female

Examination(s) Requested: (L) SHOULDER.

_____

Request Date: 7/24/18.   Date of Exam: AUG 0 3 2018

History/Symptoms: TRAUMA (L) SHOULDER 4/2018 ALTERCATION

Report: No bone or joint pathology.

g Reef MD
3 Aug 2018

Referring Physician:

_____          _____
Print Physician Name                    Physician Signature

Technologist:

A. O'Toole                              a. O'Toole RT(R)
_____          _____
Print Technologist Name                 Technologist Signature

Artis Medical Records 000308

Artis v. ~~Purdue~~ 18-cv-~~____~~

## ILLINOIS DEPARTMENT OF OFFENDER
## Offender Health Status Transfer Summary

**Transferring Facility:**

Slateville Correctional ___ Center

**Offender Information:**
Artis | Montez | ID#: B84281
Last Name | First Name | M.I.

Date: _____ Time: _____ ☐ a.m. ☐ p.m.

**Transfer Screening** (completed by transferring facility health care staff): ☐ HIV Test & Counseling Offered (only transfers to ATC, parole, release or discharge)

Allergies: NKDA          Food Handler Approved: _____

Current / Acute Conditions / Problems: LOW BACK PAIN, BACK INJURY LIFTING WEIGHTS. (L) shoulder

Chronic Conditions / Problems: INJURY 2010

**Current Medications** (name, dosage, frequency, and duration):

Acute Short-term: CTM 4mg PO BID, omeprazole 20mg QDAY PRN, TUMS ii PO BID

Chronic Long-term: MORIC 15mg PO QD PRN, Robaxin 750mg PO BID PRN

Chronic Psychotropic: _____

Current Treatments: ∅

Therapeutic Diets: Regular

Follow-Up Care: Routine Health Care

Chronic Clinics: ∅

Specialty Referrals: ∅

Significant Medical History: AS ABOVE

Physical Disabilities / Limitations: ~~Abdom ERROR~~

Assistive Devices / Prosthetics: ~~Abdominal Binder~~          ☐ Glasses ☐ Dentures ☐ Hearing Aid

Mental Health Issues: ☐ Hx Suicide Attempt: Date: _____   ☐ Hx Psych Med  ☐ Hx MPC / STC  Substance Abuse: ☐ Alcohol  ☐ Drugs

R & C Use Only: ☐ LAB  ☐ EKG  ☐ CXR  ☐ Dental  ☐ MEDS  ☐ MH  ☐ Other: _____   ☐ Packet Complete

A. Razo, RN | U. Razo, RN | 9.9.18
Health Care Staff and Title | Signature | Date

**Reception Screening** (completed by receiving facility health care staff):

Facility: _____  Date: _____  Time: _____  ☐ a.m. ☐ p.m.

**Subjective:**
Current Complaint: _____

Current Medications/Treatment: _____

**Objective:**
Physical Appearance/Behavior: _____

Deformities: Acute/Chronic: _____

T: ____ P: ____ R: ____ B/P: ____ / ____

**Assessment:** _____

**Plan: Disposition:**
☐ Health Information Given          ☐ Emergency Referral: _____
☐ Sick Call: Urgent / Routine
☐ Medication Evaluation  ☐ Therapeutic Diet  ☐ Special Housing  ☐ Chronic Clinics
☐ Work / Program Limitation  ☐ Specialty Referrals  ☐ Other (specify): _____
☐ Infirmary Placement: _____
☐ Other (specify): _____

Printed Name and Title | Signature | Date

☐ For Adult Transition Center transfers ☐ For Electronic Detention/Monitoring:

_____ _____  ☐ Approved  ☐ Denied
Mental Health Professional Signature and Title | Date

_____ _____  ☐ Approved  ☐ Denied
Health Care Staff Signature and Title | Date

I understand that medical, mental health and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs

_____ _____
Offender Signature | Date

Artis v. ~~_____ 18-cv-_____~~

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

STATEVILLE _____ Center

Offender Information:

Last Name: Artis  First Name: _____  MI: _____  ID#: B84281

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4-13-18 | RN Note | p̄: rapid HIV ⊖ |
| @ 9p | called to x-house p̄ fight; | ~~tetanus Tdap administered~~ |
| | IM A/O x3; no acute distress, | |
| | stable; no c/o pain; (L) eye | |
| | reddened, no deformity; (L) | |
| | hand 4th digit bite c̄ broken | |
| | skin; wounds cleansed and | |
| | dressed; provider to review | |
| | injury report | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

Printed on Recycled Paper

Artis Medical Records_000049

Artis v. ~~REDACTED~~

Offender Name: __Artis__ ID#: __B84281__

Date of medical examination: __4-13-18__ Time: __9p__ ☐ am ☒ pm Physician Contacted: ☐ Yes ☒ No

S (Subjective Findings): __I/M states multiple bites and hit to the head__

O (Objective Findings): __I/M A/0 x3; (L) eye irritated and reddened, no lacerations to face; bite to (L) hand 4th digit c̄ broken skin__

Vitals: T _____ P _____ R _____ BP _____ Tetanus __given__

A (Evaluation of Injury): __no acute distress, stable, provider to review__

P (Treatment and Follow-up): __PRN__

Disposition of patient:

☐ Return to assignment ☒ Housing Unit ☐ Lay in ☐ Infirmary ☐ Segregation
☐ Off-site referral for treatment (Destination) _____

__R. Kim__
Print Name of Person Completing Form

Signature

__RN__
Title

__4-13-18__
Date

---

## To Be Completed By Physician

I have reviewed this report and would like to see this offender: ☐ ~~Immediately~~ ☐ Next Sick Call ☐ PRN

Print Physician Name

Physician's Signature

__4-16-1?__
Date

Side 2

Distribution: Offender Medical File

Printed on Recycled Paper

DOC 0313 (Eff. 07/2008)
replaces DCA7111-TAD

Artis Medical Records_000354

STATE of Illinois )

County of will ) SS.

## AFFiDaViT

I, Luigi P. Adamo being duly sworn under oath depose and state that the foregoing is true and Correct and made upon my personal knowledge and I am competent to testify thereto.

I have been housed in X-house with Mr. Sutton for Aprox 1 year or so. In that time, I have seen, and heard him challenge every cellmate he has had in X-house to fight him.

On Friday, April 13th 2018 at aprox 8:00 pm I saw Mr. Sutton arguing with Mr. Artis, his cellmate at that time. I am and was housed in X-house Lower center cell 6 which is directly across from XLC 15 (Sutton & Artis' cell) so I had a perfect vantage point. This argument grew very furious as Mr. Sutton cut the phone cord of the phone while Mr. Artis was using the phone. Mr. Sutton provoked and provoked Mr. Artist time and again, telling him to hit him, then berating him when he would not. Time and again Mr. Artis tried to deescalate the confrontation, but Mr. Sutton continued his provocations. Finally, both parties just stopped communicating with one another.

Later that same evening at around 9:00 pm. Mr Artis called to me as I was reading, to tell me that the U.S. had just bombed Syria. I grabbed my radio, as I do not have a T.V. and set it to the WBBM News Station 105.9 FM. When I walked over to the bars, I saw that Sutton and Artis were arguing again, and Mr Sutton then lunged at Artis and attempted to strangle him with both hands. The two began fighting and both fell to the floor at the back of the cell, tripping over the TV cords, causing both T.V.s to come crashing down with them.

The officers, 3 of them came running from that noise and broke up the fight. From what I witnessed, Mr. Sutton became physical first, and both parties fought a very conventional cellmate fight. Nothing more.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge

/s/ Luigi P. Adamo

Date: 05/05/18

Name: Luigi P. Adamo R-74391

Stateville Corr Center

Artis v. ~~██████~~, 18-cv-~~████~~

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Outpatient Progress Notes**

STATEVILLE C.C. _____ Center        8/27/75

Offender Information:

Artis _____ Montez _____ ID#: B84281
Last Name        First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | **RADIOLOGY NOTE** | ' |
| 4/20/18 11:26 am/pm | Xray completed today as ordered by physician. Inmate presented to department c/o pain to left 4th finger x 1 wk. S/P altercation with cell mate. | Will send final report once available for physician review. |
| | | a. O'Toole RT(R) 4/20/18 |
| 4/25/18 | M/V Note: Vm seen for RTC 2 wk ,M W Apt. See Eval D 37 | RTC 2 wk ...irald B84281CF |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/201
(Replaces DC 714

Artis Medical Records_000055

Affidivit

State of Illinois
County of St. Clair

Personally came and appeared before me,
the undersigned Notary, the within Named
Shantaye Jethroe, who is a resident of
St. Clair County, State of Illinois, and makes
this his/her statement and affirmation of belief,
and personal knowledge that the following matters,
facts and things set forth are true and correct
to the best of his/her knowledge:

In February and March, of 2018' I contacted
my love one, Montez Artis (B84281), Counselor
Mrs. Karen Rapideau and stated to her that
his life had been threaten by his then celly, and
asked can he be removed from that cell to another
one. Mrs. Rapideau then stated to me that she's
not going to make any more accomodations for Mr.
Artis (B84281).

Dated this the 9th day of December 2020'
Signature of Affidivit _____

Sworn to subscribed before me, the 9th day
December 20 20' by Sharrtaye Jethroe

My Commission Expires
June 10, 2021

"OFFICIAL SEAL"
MARY B HOLLOWAY
Notary Public, State of Illinois
My Commission Expires 6/10/2021

_Mary B Holloway_
Notary Public

STATE OF ILLINOIS )
                       ) SS
COUNTY OF Will )

## AFFIDAVIT

I, Larmott Dantzlor being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

I was cellys with a guy name Weinsten in 2013 & when we first became cellies he was fresh out of SEG for having a fight with sutton. & he told me he was in the cell with him. & with out warning one day sutton attacked him. & bit him a few different times.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 5-7-18

/s/ Laymott Dantly
NAME: Laymott Dadly
IDOC#: R24578
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

You have 1 more free article available this month. **Subscribe today (/subscribe/digital/).** ✕

# ✱ (/subscribe/digital/) Illinois Prisoner Wins $125,000 Civil Rights Jury Verdict

Loaded on JUNE 3, 2016 by Derek Gilna (/news/author/derek-gilna/) published in Prison Legal News June, 2016 (/news/issue/27/6/), page 60

Filed under: Overcrowding (/search/?selected_facets=tags:Overcrowding), Eighth Amendment (/search/?selected_facets=tags:Eighth%20Amendment). Location: Illinois (/search/?selected_facets=locations:1486).

Illinois state prisoner Lincoln Lee had a bad feeling about his new cellmate, who was bigger and younger than him, and prone to repeated verbal threats. The Illinois River Correctional Center, like most state prisons, was overcrowded – so requests for cell changes to avoid possible conflicts were typically met with indifference. However, Lee argued that the Eighth Amendment required prison officials to protect him from the fight he knew was coming.

On October 15, 2010, Lee told a counselor named Jay Shepler that based upon repeated death threats from his cellmate, he wanted to be moved to a different cell. The counselor turned his request over to internal affairs, but Lee was not moved and remained in the cell with the same prisoner who had threatened him.

Lee tried again, asking another guard for a transfer. The guard said he would have to submit a written request, but that if Lee felt he was in imminent danger of harm, he could be moved out of general population and placed in a segregation cell. Lee declined to be put in segregation and was assaulted by his cellmate shortly thereafter.

In the ensuing brawl, Lee was injured. He then filed a federal civil rights suit, prepared all of his own pleadings and discovery requests, and was appointed a *pro bono* attorney only for trial.

In both the discovery and trial process, prison officials admitted that Lee had advised them of his fear of physical harm and that prison staff were on notice, thereby triggering their duty to protect him. In denying the defendants' motion to dismiss, the district court followed the case of *Farmer v. Brennan*, 511 U.S. 825 (1994) [*PLN*, July 1994, p.1], stating that Lee had proven "actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety."

The defendants' motion for summary judgment was denied and, following a jury trial in September 2014 where the appointed attorney used inconsistent responses by prison officials to impeach their testimony, Lee received $75,000 in compensatory damages plus $50,000 in punitive damages.

On September 28, 2015, the district court awarded $25,533.90 in attorney fees in addition to $692.70 in costs previously awarded; the fees were ordered deducted from the judgment awarded by the jury, reducing Lee's total award to $99,466.10. The defendants appealed the attorney fee award but later voluntarily dismissed their appeal. See: *Lee v. Shepler*, U.S.D.C. (C.D. Ill.), Case No. 4:11-cv-04064-SLD.

J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

6/10/19
Date

Offender: Montez, Artis

ID# : B84281

Facility: Stateville CC

This is in response to your grievance received on 5/31/19 . This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 4/18/18      Grievance Number: 3454      Griev Loc: Stateville CC

☐ Transfer denied by the Facility

☐ Dietary

☐ Personal Property

☐ Mailroom/Publications

☐ Assignment (job, cell)

☐ Commissary / Trust Fund

☐ Conditions (cell conditions, cleaning supplies, etc.)

☐ Disciplinary Report: Dated: _____ Incident # _____

☑ Other   Security: claims he was attacked by his cellmate after he requested a cell change to the Placement office, 4/13/18

Based on a review of all available information, this office has determined your grievance to be:

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

☐ Other: _____

FOR THE BOARD: _Sarah Johnson_
Sarah Johnson
Administrative Review Board

CONCURRED: _Rob Jeffreys_ SB
Rob Jeffreys
Acting Director

CC: Warden, Stateville CC _____ Correctional Center
Montez, Artis _____, ID# B84281

Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc